RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, v. TAX COURT OF PUERTO RICO, Respondent; MANTECADOS GALIÑANES, INC., Intervener.

No. 215. Argued November 8, 1949.—Decided February 24, 1950.

884

*Vicente Géigel Polanco, Attorney General* and *J. C. Santana Matos, Assistant Attorney General,* for petitioner. *César A. Montilla* for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

On April 27, 1948 the corporation Mantecados Galiñanes, Inc., intervener in the certiorari proceeding, received a "Notice of Assessment of Property Tax" for the fiscal year 1947–1948. The notice stated the tax levied on the personal property of the taxpayer, among which were some secret formulas for the elaboration of ice cream which the Treasurer appraised at $30,000. The taxpayer paid the portion of the tax on its personal property with which it agreed, but not the tax on the secret formulas on the ground that said formulas had never existed and, consequently, were not subject to taxation. The taxpayer sued in the Tax Court of Puerto Rico which rendered a decision granting the complaint. To review this decision the Treasurer filed a petition for certiorari.

The evidence of the taxpayer consisted in the testimony of César Calderón who stated that by deed of May 15, 1945. he bought from Julio C. Galiñanes the ice cream business for the sum of $210,000 and that since the personal property of the business has a value of $150,000 the difference between both amounts, that is, $60,000, was distributed in two items, one labeled "Elaboration and secret formulas... $30,000"; and the other, "Good will... $30,000"; that subsequently the witness incorporated the business under the name of Mantecados Galiñanes, Inc. and conveyed to the corporation all the property that he had acquired under the aforesaid deed, entering in the books of the corporation as part of its assets the item "Elaboration and secret formulas" with a value of $30,000; that this secret formula refers to the

manufacture of ice cream, but actually it has never existed, for the ice cream has always been prepared with raw materiad imported from the United States which consists of dehydrated cream and carries on the package the printed formula or proportions for its elaboration.

The Treasurer relies on the entry appearing in the books of the corporation, on the presumption of correctness of his decisions and on a stipulation of the contents of the deed with respect to the secret formulas hereinbefore mentioned.

Based on this evidence the Tax Court found that the secret formulas had never existed and although the entry appears in the books, as a matter of fact, property of such nature does not exist on which a tax may be levied.

It seems clear that the present case involves a factual controversy and a decision thereon can not be reviewed by this Court unless the decision of the lower court lacks support in the record.

The petitioner tries to evade this conclusion by alleging that the lower court should not have admitted Calderón's testimony to controvert the deed and the entries in the books of the corporation. He invokes the rule of evidence which prohibits the admission of parol evidence to contradict a document. He also cites § 41 of the Code of Commerce which provides, among other things, that: "Books of merchants shall be evidence against themselves, no proof to the contrary being admitted."

As to the inadmissibility of parol evidence to contradict a document, the petitioner overlooks the fact that Calderón's testimony was intended to prove that a portion of the alleged consideration of the contract executed between him and Galiñanes never existed and to that end parol evidence is admitted. *López* v. *Alvarez*, 64 P.R.R. 385 and *Ochoteco, Jr.* v. *Córdova*, 47 P.R.R. 522. Insofar as § 41 of the Code of Commerce is concerned, it will suffice to say that, according to the interpretation given in Spain to § 48 of the Spanish Code of Commerce, equivalent to § 41 of our

Code, said Section merely establishes the rule for weighing the probatory value of the books of merchants when litigating against each other; but this does not preclude their being considered together with other documents and then deciding accordingly, even if one of the litigants is not a merchant. Judgments of the Supreme Court of Spain of January 18, 1896 and June 5, 1900. It may be thus inferred that the letter of the statute does not compel the Court to decide on the entries of the books alone without taking into consideration any other evidence.

▮▮ The evidence that the Tax Court had before it supports its conclusion to the effect that the so-called secret formulas only existed in the deed and in the books of the taxpayer and it overcame the presumption of correctness of the decisions of the Treasurer. Consequently, the decision of the Tax Court will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.